UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIPIN SEHGAL,<br><br>                    Plaintiff,<br><br>     v.<br><br>KARENA FOODS INC., et al.,<br><br>                    Defendants. | 23-CV-8799 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On February 2, 2024, the Court granted the parties' proposed case management plan and scheduling order. *See* ECF No. 21. That order set the end of discovery at June 1, 2024, and ordered the parties to file a post-discovery status letter by June 5, 2024, in advance of the post-discovery conference scheduled to take place on June 13, 2024. *See id.*

On June 6, 2024, receiving no letter from the parties, the Court adjourned the status-letter deadline to June 12, 2024, and advised the parties that "failure to comply with the Court's orders may result in sanctions. *See* ECF No. 22.

On June 12, 2024, the parties filed a joint letter stating without explanation that "[d]iscovery is not yet complete." ECF No. 23.

On June 13, 2024, the Court, noting that the parties had "neither requested not received an extension of any discovery deadline in this case," nor "filed a motion to compel related to any apparent discovery dispute," ordered the parties to file by June 17, 2024, a list of all discovery completed to date. ECF No. 24. The Court once again warned the parties that "failure to comply with the Court's orders (including its scheduling orders) may result in sanctions." *Id*.

On June 17, 2024, the parties listed the limited discovery that had been exchanged to date, noting that depositions could be completed within 30 days. *See* ECF No. 25.

On June 18, 2024, the Court *sua sponte* extended the parties' deadline to complete discovery by 30 days. ECF No. 26. The Court further ordered that "in light of the parties' failure to request an extension in the first instance, this deadline will not be extended any further, absent a showing of extraordinary cause." *Id*. The Court further ordered the parties to submit their post-discovery status letter by July 31, 2024, and to appear before the Court for a post-discovery conference on August 8, 2024. *Id.* Finally, for the third time, the Court reminded the parties that "[r]epeated failure to comply with the Court's scheduling orders may result in sanctions." *Id.*

On August 2, 2024, in light of the parties' failure to submit a status letter by the Court-ordered deadline, the Court adjourned the letter and conference deadlines by one week and reminded the parties for the fourth time "that repeated failure to comply with the Court's orders may result in sanctions." ECF No. 27.

On August 7, 2024, the parties filed a status letter with the Court indicating that only limited discovery has taken place. *See* ECF No. 28. The parties noted that they still had yet to resolve a discovery dispute, and stated without explanation that depositions had not yet been scheduled. *See id*. The parties did not—as they were instructed to do—explain why extraordinary cause justifies an extension of discovery deadlines. Accordingly, and in light of the parties' repeated failure to comply with the Court's orders, which has interfered with the Court's ability "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," *Palmer v. Simon's Agency, Inc.*, 833 F. App'x 838, 839 (2d Cir. 2020), **IT IS HEREBY ORDERED** that any request to extend the discovery deadline in this matter is

**DENIED**.  Discovery in this matter is closed and will not be extended any further.  The post-discovery conference will still take place on August 15, 2024, at 12:30 p.m. (E.T.), as set forth by the Court's order at ECF No. 27.

SO ORDERED.

Dated: August 8, 2024
New York, New York

DALE E. HO
United States District Judge