# Siegel & Siegel
*A Professional Corporation*
**Attorneys at Law**
521 Fifth Avenue, Suite 1700
New York, New York 10175
Telephone: (212) 721-5300
Fax: (212) 947-9967

SHARON M. SIEGEL
*Admitted to N.Y. and D.C. Bars*

MICHAEL D. SIEGEL
*Admitted to N.Y. and N.J. Bars*

September 19, 2024

VIA ECF

Hon. Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    Sehgal. v. Karena Foods, Inc., et al.
            Case No. 1:23-cv-08799-DEH
            -------------------------------------------
            Letter Motion for Partial Summary Judgment

Dear Judge Ho:

    We represent the corporate defendants in the above-referenced matter. In the time and manner provided by Your Honor's order we write to ask for the entry of summary judgment on most of the issues in the Complaint, which are disposed by the document production exchanged to date. We submit herewith the Affidavit of Mahender Tulsiani and several exhibits in support of our motion, which include the complete document production on both sides.

    The standard for a summary judgment motion is not disputed. Summary judgment is granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party opposing summary judgment "may not rest upon mere allegations or denials"; rather it must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). To defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there

is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Similarly, a party cannot defeat summary judgment by "offering purely conclusory allegations," Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985), or by offering evidence in opposition that is merely speculative. See Dister v. Continental Group, Inc., 859 F.2d 1108, 1116-1117 (2d Cir. 1988). In this case we have the complete payroll information available to all sides.  The Defendant has refused to produce tax and Family Court materials which would show his sworn statements on his compensation.  Accordingly, all we are left with is oral statements, uncorroborated by any other person.

The first matters that should be adjudicated on are housekeeping.  The case is captioned for Mr. Sehgal and "for all others similarly situated".  This is not a class action.  There are no others similarly situated, and the time to add people is over.  The Plaintiff should be changed to Mr. Sehgal.  Second, the fictitious named defendants should be dismissed.  There is no jurisdiction over any other people other than the two corporate defendants I represent.  I am not sure if the Plaintiff was making a bad joke about Indian names by using "Mehendra" and "Girshi" Doe instead of John Doe, or if certain people were intended.  As my client makes clear in the affidavit, there is no Mahendra or Girshi Doe.  Either way, there is no jurisdiction over any other people in this case, and the time to add in people is over.

As shown by the attached affidavit and payroll records, Count 1 of the Complaint, for failure to pay minimum wages to the Plaintiff, should be dismissed.  Sehgal began his employment the last week of October 2022.  His last day of employment was June 4, 2023.  Tulsiani Aff.  This is undisputed.  Minimum wage for 2022 was $15 per hour.  Minimum wage in 2023 was $16 per hour.  New York Comp. Codes R. & Regs. tit. 12 § 142-2.1.  The only requirement of the FLSA is that minimum wage be paid, with proper time and one-half for overtime.  The Federal Register has the methodology by example, using the $12 minimum wage rate as the basis of discussion.

> "[A] $12 hourly [base] rate will bring, for an employee who works 46 hours, a total weekly wage of $588 (46 hours at $12 plus 6 at $6). In other words, the employee is entitled to be paid an amount equal to $12 an hour for 40 hours and $18 an hour for the 6 hours of overtime, or a total of $588."

29 C.F.R. 778.110(a).  The only way to impute higher than minimum wage pay is if the employer states so.

> "If the employee receives, in addition to the earnings computed at the $12 hourly [base] rate, a production bonus of $46 for the week, the regular hourly rate of pay is $13 an hour (46 hours at $12 yields $552; the addition of the $46 bonus makes a total of $598; this total divided by 46 hours yields a regular rate of $13). The

employee is then entitled to be paid a total wage of $637 for 46 hours (46 hours at $13 plus 6 hours at $6.50, or 40 hours at $13 plus 6 hours at $19.50)."

29 C.F.R. 778.110(b). Here, there was just pay per shift, and no stated bonus rate.

As shown by the attached affidavit, there was sufficient pay of overtime, based on the minimum wage hourly rate. As stated in the Tulsiani Affidavit, there is some overtime for working a sixth day in the week, but there is no daily overtime. A shift was four hours, and a double shift was eight hours, with time off in between. Therefore Count 2 and Count 3 of the Complaint, for failure to pay overtime, should be dismissed. There is no distinction between the Federal and State methodology of counting wages where hourly pay at a minimum wage is the understood wage rate.

As shown by the attached affidavit, there was sufficient pay whether there was a spread of hours issue as per Count 4 of the Complaint. Nevertheless, there appears to be a dispute at this stage about whether there was such a spread. The Plaintiff is entitled to defend its complaint in reply by coming up with some evidence he worked 10 hours a day, i.e. a 5 hour shift instead of a four hour shift, or that the shifts were of different duration, or that there was more time in between shifts. However, if there is no evidence other than his say so, the Plaintiff has not met his burden. "The spread of hours is the length of the interval between the beginning and end of an employee's workday." 12 N.Y.C.R.R. § 146-1.6(a). "On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate," "regardless of a[n] [] employee's regular rate of pay." Id. at § 146-1.6(b) (emphasis added). Here, there is no issue, as the spread is 10 hours total.

As shown by the attached Tulsiani affidavit, tips were counted and included in pay. Therefore, Count 5 of the Complaint should be dismissed.

As shown by the attached affidavit, Count 6 should be dismissed, as the Defendants provided the proper wage notices required under the law, including pay stubs and W-2 forms. Thus, there is no violation of any law.

Importantly, we asked counsel in our document demand and follow up for tax returns and family court filings from the Plaintiff. Annexed hereto at Exhibit D is what we received. The cover email shows that there were allegedly no family court filings during this employment. Counsel later confirmed same was Plaintiff's testimony. As to tax information, this is all we received. As even this insufficient production shows, Plaintiff only made $10,250 in 2022, which accords with the off the books and on the books payments by my client. If anything, Plaintiff has greatly understated his compensation to obtain Federal tax benefits. Given these are sworn materials to the Federal government, serious scrutiny must be given to any sworn statements he might make here, which are similarly sworn statements to the Federal government.

Accordingly, summary judgment should be granted as stated above, and the remaining issues, if any, set for trial.

Respectfully,

Michael D. Siegel