**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Vipin Sehgal,<br><br>Plaintiff,<br><br>- vs. –<br><br>Karena Foods Inc. *d/b/a Mughlai Indian Cuisine*, Eda Foods Inc., *d/b/a Mughlai Indian Cuisine*, Girshi Doe, Mahendra Doe,<br><br>Defendants. | DOCKET NO. 23-cv-8799-DEH |

**MEMORANDUM OF LAW OF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**THE SAMUEL LAW FIRM**
Michael Samuel
Andrew Beresin
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884

*Attorneys for Plaintiff*

i

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT 1

INTRODUCTION 1

STATEMENT OF FACTS 3

LEGAL ARGUMENT 3

    I.    Legal standard for summary judgment 3

    II.    Defendants' Motion is Procedurally Defective without Rule 56.1 Statement………4

    III.    Defendants' have submitted no evidence of the actual hours worked……………………………………………………………………………………..5

    IV.    Defendants did not pay Mr. Sehgal overtime – or, at a minimum, there is a genuine issue of fact as to whether they did................................................................. 7

    V.    Defendants owe Plaintiff spread of hours pay – or, at a minimum, there is a genuine issue of fact as to whether they do ………………………………….....8

    VI.    Defendants failed to comply with the Wage Theft Prevention Act — or, at a minimum, there is a genuine issue of fact as to whether they did so……………......9

CONCLUSION 12

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                           <u>Page</u>

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)     4

*Bellamy v. City of New York*, 914 F. 3d 727 (2nd Cir. 2019)                               4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)            3

*Crown Heights Jewish Community Council v. Fischer,* 63 F. Supp. 2d 231(E.D.N.Y. 1999).   6

*Falls Riverway Realty, Inc. v. City of Niagara Fall,* 754 F.2d 49 (2d Cir. 1985)          4

*Giannullo v. City of New York,* 322 F.3d 139 (2d Cir. 2003)                               5

*Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62 (2d Cir. 2001)                             5

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)                                     4

*R.C. Bigelow, Inc. v Unilever, N.V.*,
   867 F.2d 102 (2nd Cir. 1989), *cert denied* 493 U.S. 815, 110 S.Ct. 64 (1989)           4

*Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp. 3d 405, 412–13 (E.D.N.Y. 2017)   11

*Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007)                 3

*Searight v. Doherty Enterprises*, Inc., No. 02 CV 0604, 2005 WL 2413590 (E.D.N.Y. Sept. 29, 2005)    5

*Spiegel v. Schulmann*, 604 F.3d 72 (2nd Cir. 2010)                                        4

*United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)         3

*United States v. Kadoch*, No. 96 CV 4720 CBA, 2012 WL 716899 (E.D.N.Y. Feb. 17, 2012)     5

*Walling v. Youngerman-Reynolds Hardwood Co.*,
   325 U.S. 419, 65 S. Ct. 1242, 89 L. Ed. 1705 (1945)                                     7

*Watt v. New York Botanical Garden*, No. 98 CV 1095, 2000 WL 193626
   (S.D.N.Y. Feb. 16, 2000)                                                                5

*Woodman v. WWOR-TV, Inc.*, 411 F. 3d 69 (2nd Cir. 2005)                                   4

<u>Statues and Rules</u>

Fair Labor Standards Act, 29 U.S.C. § 201 et seq ................................................. *passim*

Fed. R. Civ. P. 56 ........................................................................................................ 3

Local Rule 56.1 .................................................................................................. *passim*

New York Labor Law § 195 .................................................................................. 9-11

29 C.F.R. § 778.113 ..................................................................................................... 8

12 N.Y.C.R.R. § 146-3.5 ............................................................................................... 8

iv

**PRELIMINARY STATEMENT**

Plaintiff Vipin Sehgal ("Plaintiff") hereby submits this memorandum of law in opposition to defendants' motion for summary judgment. This memorandum is supported by the declaration of Vipin Sehgal ("Plaintiff's Decl.") in opposition to the present motion, submitted herewith. Plaintiff is not submitting a Local Rule 56.1 counterstatement of facts in opposition to the present motion, as Defendants failed to submit the required Rule 56.1 statement of facts with their motion papers, a procedural defect warranting denial of Defendants' motion in its entirety on that basis alone.

**INTRODUCTION**

During the relevant time period, Mr. Sehgal worked for four Mughlai Indian Cuisine restaurants jointly owned and managed by the defendants in Manhattan. Plaintiff's job responsibilities, including delivery, food runner, food preparation and catering assistance, as well as his weekly hours worked, were divided among the four restaurants, depending on staffing needs at each location as determined by management[1], though he most frequently worked at the 55th Street location. Plaintiff's compensation was paid to him weekly in two checks, one from each of the two corporate defendants.

Although the defendants argue that they paid Mr. Sehgal correctly, and therefore are entitled to summary judgment on his claims for overtime, spread of hours pay, and failure to provide valid paystubs, the documents submitted by Defendants in support of the present motion, and Mr. Sehgal's Declaration submitted herewith, make clear that Plaintiff was paid

---

[1] Defendants' letter motion raises a false issue regarding "fictitious defendants" named in the Complaint. No such issue exists, as the Complaint properly names Mahendra Doe and Girshi Doe, the owners/managers of the subject restaurants where Plaintiff worked. Defendants' own motion papers confirm one of those individual's legal names to be Mahender Tulsiani. "Girshi" is the name of Mr. Tulsiani's brother, as known to Plaintiff.

1

a combined weekly salary by the defendants for his work and did not receive any overtime premium or spread of hours pay, nor did he receive all tips which were rightfully owed him.

Notably, Defendants' motion papers do not reference any evidence, admissible or otherwise, showing the actual number of hours worked by Plaintiff during any given week during his employment. This is because they cannot do so. Plaintiff's declaration, at paragraphs 11-14, details his daily schedule of hours worked, including his longer shifts on Saturdays and Sundays, when the Defendants' restaurants remained opened continuously throughout the day, from 11 a.m. until 10 p.m., as confirmed by their own website, [www.mughlaicuisineny.com](www.mughlaicuisineny.com) (contrary to Defendants' false assertion, at paragraph 2 of Mahender Tulsiani's affidavit submitted as Exhibit 1 to Defendants' motion, that the restaurants only offer separate, four-hour lunch and dinner shifts daily each and every day they are open).

Rather than develop any credible argument that they paid Plaintiff correctly with testimonial or other admissible evidence, Defendants simply point to a piece of paper, the "chart of shifts" submitted as their Exhibit 2, as if to say, "See, these pages show we paid Mr. Sehgal correctly because these are the hours he worked." Simply pointing to a summary document, which the defendants may well have self-interestedly prepared to support a claim that they paid Plaintiff correctly, does not establish that there is no factual dispute about how Mr. Sehgal was paid. In fact, the gravamen of Mr. Sehgal's case from the outset was that Defendants' do not have or maintain accurate time records, together with the fact that he was not paid properly. And given that the actual pay records actually *refute* Defendants' claim to have paid Mr. Sehgal correctly, since the records confirm that Plaintiff was paid a weekly salary, the defendants' motion is utterly meritless.

**STATEMENT OF FACTS**

During the relevant time period, Mr. Sehgal worked roughly 60 hours per week (Sehgal Decl. ¶¶ 13-14), with his time split between the four Mughlai Indian Cuisine restaurants, though he worked most frequently at the 55th Street location. (Sehgal Decl. ¶6). Defendants did not use any sort of timesheet or clock to track his time (Sehgal Decl. ¶15), and just paid him the same amount each week — a $675 combined salary for all his hours worked. (Sehgal Decl. ¶¶ 16-18). His pay each week was split between two checks, one for four days of work, and the other for two days of work (Sehgal Decl. ¶ 16), and his paystubs reflected no indication of hours worked at each restaurant weekly, total hours worked each week, nor any overtime or spread of hours premium paid, nor do they make any reference to any tip payments relating to credit card customer checks, which tips were unlawfully withheld from Plaintiff (Sehgal Decl. ¶ 19).

**LEGAL ARGUMENT**

**I.    Legal standard for summary judgment.**

Federal Rules of Civil Procedure provide for summary adjudication when the record shows "that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the rule is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

In weighing evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). See also, *R.C. Bigelow, Inc. v Unilever, N.V.*, 867 F.2d 102, 107 (2nd Cir. 1989), cert denied 493 U.S. 815, 110 S.Ct. 64 (1989). However, the court should not credit testimony blatantly contradicted by the record, so that no reasonable jury could believe it. *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(c). *Spiegel v. Schulmann*, 604 F.3d 72, 81 (2nd Cir. 2010) Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat a summary judgment motion. *See Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49, 57 (2nd Cir. 1985). The non-moving party must produce "more than a scintilla of evidence" and create "more than some metaphysical doubt as to the material facts." *Bellamy v. City of New York*, 914 F. 3d 727, 754 (2nd Cir. 2019). Summary judgment is appropriate if the evidence favoring the non-moving party is merely colorable or is not significantly probative. *See Woodman v. WWOR-TV, Inc.*, 411 F. 3d 69, 88 (2nd Cir. 2005) (*quoting Anderson v. Liberty Lobby*, Inc. 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986))

## II. Defendants' Motion Should be Denied as Procedurally Defective – No Local Rule 56.1 Statement of Facts was Submitted by Defendants.

Defendants' motion for summary judgment is procedurally defective because no 56.1 statement of undisputed facts was submitted, as required by Local Civil Rule 56.1(a). Rule 56.1 of the Local Civil Rules of the United States Disrict Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to

4

submit "a separate, short and concise statement" of the allegedly undisputed material facts, set out in numbered paragraphs, on which the moving party relies in arguing that there is no genuine issue to be tried. See Local Rule 56.1(a); *see also Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003); *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 72 (2d Cir. 2001). The Rule further requires that the Rule 56.1 Statement contains citations to admissible evidence supporting each asserted material fact. Local Rule 56.1(d).; *see Giannullo*, 322 F.3d at 143 (reversing district court's grant of summary judgment because there was insufficient evidence in the record to support certain critical assertions in the moving party's statement of material facts); *see also Watt v. New York Botanical Garden*, No. 98 CV 1095, 2000 WL 193626, at *1 n. 1 (S.D.N.Y. Feb. 16, 2000).

Here, Defendants failed to file a Local Rule 56.1 Statement of Material Facts in support of their motion for summary judgment. That failure alone would justify denial of the motion. Local Rule 56.1(a); *see also United States v. Kadoch*, No. 96 CV 4720 CBA, 2012 WL 716899, at *1-2 (E.D.N.Y. Feb. 17, 2012), report and recommendation adopted, No 96-CV-4720 CPA CLP, 2012 WL 716894 (E.D.N.Y. Mar. 5, 2012); *Searight v. Doherty Enterprises, Inc.,* No. 02 CV 0604, 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005) (denying motion for summary judgment for failure to submit a 56.1 Statement).

**III.    Defendants have submitted no admissible evidence of actual hours worked.**

Summary judgment requires that parties supply evidence in support of their motions or in opposition to their opponents' motions, in order to establish the existence or absence of disputed facts. But Defendants may not just submit any evidence; that evidence must be admissible. Hearsay evidence (unless, obviously, falling into one of the hearsay exceptions)

5

is not admissible, and may not be used to defeat summary judgment; the same rule applies to documents.

> Similar requirements govern consideration of documents submitted in connection with a motion for summary judgment. If either party seeks to have a court consider documents which are not yet part of the Court's record, the documents must be attached to and authenticated by an appropriate affidavit, and the affiant must be a competent witness through whom the document could be received in evidence at trial. See *Northwestern Nat'l Ins.*, 15 F.3d at 662; 11 James Wm. Moore et al., Moore's Federal Practice § 56.14[2][c], at 56-183 (3d ed.1997).

*Crown Heights Jewish Community Council v. Fischer*, 63 F. Supp. 2d 231, 241 (E.D.N.Y. 1999).

In support of Defendants' motion, they submitted just two pages purportedly relating to the hours Plaintiff worked, with these two "chart of shifts" pages consisting of some sort of weekly summary of daily shifts worked by Plaintiff during his employment, designating "L" for lunch shift and "D" for dinner shift. (see Exhibit "2" to Defendants' Motion). This "chart of shifts" document should be stricken as inadmissible.

Defendants have provided no support for any argument that this document is anything other than unauthenticated hearsay. It purports to be a document reflecting, inter alia, the plaintiff's hours worked — but is it? Where does this document come from? Is it an actual business record? Defendants provide nothing to authenticate it, let alone to establish a foundation for its admissibility. For instance, there is no affidavit stating who prepared and maintained it, or stating that it was indeed kept in the ordinary course of business. It is merely attached to the present motion, but even the affiant who testifies about it, Mahender Tulsiani, does not even state that he himself prepared it, how he prepared it, what data or information it was based on, the source of that data or information, and whether such "chart of shifts" was a regularly prepared document kept in the ordinary course of business. He simply states, "Hours were kept by me based on shifts." What does that even mean in relation to the "chart of shifts"

document and how it was created, etc.? Further, this document makes no reference to actual hours worked at all, whatsoever.

Regarding paystubs attached to Defendants' motion at Exhibit 5, 6 and 7, those documents were not produced by Defendants; they were produced by Plaintiff to Defendants, as Defendants' counsel states. Therefore, the fact that these documents are true and accurate copies of the paystubs Plaintiff received from Defendants is not in dispute. But that is only of minimal help to Defendants; that the paystubs exist does not mean the *information contained in them* is admissible. Without anything in the record to describe how these documents were prepared, they remain hearsay.

**IV. Defendants did not pay Mr. Sehgal overtime – or, at a minimum, there is a genuine issue of fact as to whether they did.**

The FLSA and NYLL impose a requirement that an employer pay an employee one and a half times the employee's regular rate of pay for hours worked beyond 40 in a week. The employee's regular rate of pay is not — as Defendants' motion might appear to have it portrayed — an arbitrary figure chosen by the employer in order to pay an employee properly; rather, it is calculated by looking at the amount the employee *actually receives. Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424–25, 65 S. Ct. 1242, 1245, 89 L. Ed. 1705 (1945). Defendants ignore this basic rule, as their motion cites no supporting evidence that Plaintiff ever received any overtime premium. At the same time, it is indisputable that Plaintiff received a flat weekly salary which, even based on a 40-hour workweek during 2022-23, when the applicable hourly minimum wage in New York was $15 per hour, would not imply any overtime premium paid by Defendants.

Because this motion is being made by Defendants, the court must resolve any factual dispute in favor of the non-moving party, Plaintiff Sehgal. He alleges that he was paid a

7

weekly salary for all of his hours; and that there was no overtime pay. But even if any notion by Defendants that Mr. Sehgal was actually paid hourly rather than on a salary basis were adopted, it would not help Defendants, as based on their own assertion of facts he still would have been working 48 hours per week (6 lunch shifts and 6 dinner shifts per week – each shift 4 hours in length) but would have been paid at a flat regular weekly salary rate for those hours. In short, even regardless of whose version of the facts is correct, Defendants are not entitled to summary judgment.

29 C.F.R. § 778.113 specifies that a salaried employee's regular rate is computed by dividing the total compensation by the number of hours the salary covers, with no overtime premium presumptively included therein. New York law results in a different calculation; for an employee in the hospitality industry paid on a salary basis, one divides the salary by 40 to compute the regular rate, resulting in a $16.875 per hour regular rate here. 12 N.Y.C.R.R. § 146-3.5(b). This different approach affects damages, but not liability. Either way, Plaintiff would then be entitled to overtime premium for the excess hours above 40 per week.

In short, Defendants are not entitled to summary judgment if disputed facts about the number of hours Mr. Sehgal worked and the manner in which he was paid are resolved in favor of Mr. Sehgal. And Defendants are not even entitled to summary judgment if those factual disputes were to be (impermissibly) resolved in favor of defendants either. Either way, there is nothing in the record to suggest that Plaintiff was actually ever paid any overtime for any overtime hours worked.

### V.   Defendants owe Plaintiff spread of hours pay – or, at a minimum, there is a genuine issue of fact as to whether they do.

The New York Labor Law requires that employees in the hospitality industry be paid one additional hour's pay at the minimum wage for each day in which they worked shifts

lasting longer than ten hours from start to finish. Defendants do not dispute this statement of the law. Nor do Defendants dispute that if Mr. Sehgal worked such shifts, he was entitled to spread of hours pay. Instead, Defendants contend that Mr. Sehgal never worked any such shifts, thus he was owed no spread of hours pay.

However, Defendants' argument on this issue suffers from the same flaw as their overtime argument: in the face of testimony that he worked such shifts on weekends (Sehgal Decl. ¶ 13), and did not receive such spread of hours monies (Sehgal Decl. ¶ 17), rather than pointing to any testimony whatsoever that shows Mr. Sehgal was actually paid spread of hours premiums, or any document that shows extra pay at all for Mr. Sehgal on the days when he worked shifts greater than ten hours, Defendants' stubbornly argue that no such spread of hours shifts took place, even though their own website reflects that their restaurants are open all day on weekends, without a break between the lunch and dinner shifts, unlike on weekdays.

Again — just as with respect to overtime pay — Defendants are not entitled to summary judgment on the spread of hours issue if disputed facts about the number of hours Mr. Sehgal worked and the manner in which he was paid are resolved in favor of Mr. Sehgal. There is simply nothing in the record to suggest that Plaintiff was ever paid spread of hours premiums on the days when he worked shifts in excess of ten hours.

### VI. Defendants failed to comply with the Wage Theft Prevention Act — or, at a minimum, there is a genuine issue of fact as to whether they did so.

The Wage Theft Prevention Act, as relates to this motion, imposes certain obligations on employers. Specifically, NYLL § 195(3) mandates that employers provide wage statements (or, as they are colloquially known, paystubs) with each weekly payment of wages, and it identifies specific requirements for what these documents must contain.

9

Defendants contend that they complied with the wage statement obligations found in NYLL§ 195(3). The problem is that this contention — at the very least — relies upon facts which are very much in dispute.

Specifically, NYLL § 195(3) requires that an employer "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages." Moreover, for all non-exempt employees, "the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

Defendants contend that (a) they provided paystubs and wage notices to Mr. Sehgal, (b) that those paystubs and notices complied with the statutory requirements, and (c) that they are therefore entitled to summary judgment on the issue. But these contentions are both flawed, regardless of how the record is read.

Paystubs: Mr. Sehgal does admit that he received the paystubs which he himself produced in discovery, identified by Defendants and submitted as Exhibit 5, 6, and 7 to their motion. But those paystubs do *not* substantially comply with the requirements of the statute. Those paystubs do not reflect any amount of hours worked per week. Furthermore, there is no support anywhere else in the record, admissible or otherwise, informing the issue of hours worked. There is only the "chart of shifts" submitted by Defendants as their Exhibit 2, which makes no reference to any number of hours worked. Defendants simply ask the Court to believe that the hours the restaurant are open for business are the only hours worked by

Plaintiff, an assertion that is not only not credible, but which is contradicted by Plaintiff's sworn declaration as to his daily schedule of hours (Sehgal Decl. ¶ 13). Defendants cannot make a colorable argument that the paystubs, which did not accurately reflect <u>either</u> Mr. Sehgal's hours or his pay, even if he were in fact paid hourly with overtime, which he was not, "substantially complied" with the requirements of § 195(3). *See, e.g., Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp. 3d 405, 412–13 (E.D.N.Y. 2017) (granting summary judgment to plaintiffs where it was "undisputed that the wage statements furnished to Plaintiffs were inaccurate in that they did not reflect all of the hours worked by Plaintiffs...[or] Plaintiffs' actual pay rates").

<u>Weekly Time Records</u>: The "chart of shifts" at Exhibit 2 to Defendants' motion are unauthenticated records and are inadmissible hearsay, as discussed above. But assuming arguendo that the court chose to consider these records, it would not avail Defendants in their pursuit of summary judgment. Why? Because Plaintiff's testimony is that he never received any such document as required by New York Law (Sehgal Decl. ¶ 20). Defendants point to nothing that suggests he did receive them, but of course even if they did, it would simply represent a disputed fact, leaving summary judgment unavailable to them. Moreover, none of records submitted by Defendants in support of their motion comply with the strictures of the Wage Theft Prevention Act. They do not accurately reflect the hours that Plaintiff worked, nor do they accurately reflect the manner in which he was paid (a fixed salary). Defendants, of course, claim that Plaintiff was paid sufficiently to cover any overtime or spread of house pay liability. But those are disputed facts that would preclude summary judgment in Defendants' favor even if they had not otherwise violated the wage notice statute as described above.

**CONCLUSION**

Most of Defendants' contentions lack <u>any</u> admissible evidentiary support. But even the ones that have some minimal support are, at best, contradicted by testimony and evidence supplied by Plaintiff. As a result, Defendants are simply not entitled to summary judgment on any of issues they present in their motion and as such their motion should be denied in its entirety.

Respectfully submitted,

**THE SAMUEL LAW FIRM**

By: _____
Michael Samuel
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884

*Attorneys for Plaintiff*

Dated: October 18, 2024