# Siegel & Siegel

*A Professional Corporation*
Attorneys at Law
521 Fifth Avenue, Suite 1700
New York, New York 10175
Telephone: (212) 721-5300
Fax: (212) 947-9967

**SHARON M. SIEGEL**
*Admitted to N.Y. and D.C. Bars*

**MICHAEL D. SIEGEL**
*Admitted to N.Y. and N.J. Bars*

October 28, 2024

VIA ECF

Hon. Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Sehgal. v. Karena Foods, Inc., et al.
               Case No. 1:23-cv-08799-DEH
               -------------------------------------------
               Reply Letter on Motion for Partial Summary Judgment

Dear Judge Ho:

      We represent the corporate defendants in the above-referenced matter. This letter will reply to the opposition of the plaintiff. I thought the court requested that the motion be made in letter format, including a formal statement of material facts. The plaintiff filed a formal memorandum of law, and argued that there was no statement of facts and that the motion should be denied on that basis. That goes against the procedure stated in the order setting this motion, and the court's order at the conference. I will continue to use the letter format. In short, nothing stated by the Plaintiff has changed any aspect of this motion.

      The Plaintiff continues to maintain he was paid $675 per week, regardless of hours worked. However, as the undisputed pay records show, that was never the arrangement. The pay was as stated by the Tulsiani Affidavit, and has not been proven otherwise. Thus, the statement about a consistent salary type payment in para. 16 of Plaintiff's affidavit is clearly false by the payments clearly received, and endorsed. The Plaintiff mocks the record of shifts worked, but

does not dispute the chart. The chart clearly identifies tips paid, but he does not have any evidence to dispute the chart and merely asserts in his affidavit that more tips were paid. Aff. At para, 19. More than silence on some points, and obviously untrue testimony on others is needed to defeat a motion for summary judgment.

The chart of shifts is admissible. Mr. Tulsiani testified he prepared it. Both sides agree that work was assigned on the basis of lunch and dinner shifts. The dispute is how long a dinner shift lasted. Mr. Tulsiani said it was four hours to avoid overtime. The Plaintiff points to the website of the Defendants, which states that the restaurant is open more hours. Yet the hours of operation do not relate to employee shifts. So, there is no inconsistent testimony. The Plaintiff did not respond to the chart, including days he was off, but merely asserted unspecific hours and a clearly incorrect statement about pay..

I am uncertain how the paystubs are not admissible, a key argument of the Plaintiff. These are clear business records, and asserted as such. Moreover, although the Plaintiff had an incomplete set, he had the same stubs in his submission. The Plaintiff is clearly wrong when he asserts in his affidavit he worked until August 2023. It is clear that the work ended June 4, 2023 as per the checks, which he agreed he got. There is no evidence of additional work. Although in his affidavit at para. 10 he asserts he worked every week for six days, he did not respond to the chart we submitted. Nor does he have proof of additional work.

If he was paid $675 per week as he stated, even if he took no weeks off, he worked 31 weeks. That would total $20,925. Yet, we showed he received at least $23,005, representing the overtime and tips for the period, plus the additional pay we all agree he received. It is clear that as a matter of law, if he was paid for 40 hours per week for the 9 weeks he worked in 2022 at $15 per hour, he would have gotten $5400 for 2022. If he was paid the 22 weeks of 2023 at $16 per hour for 40 hours per week, he would have gotten $14,080. But, as clearly shown, he got more. And, as the chart clearly shows, there was a lot of time off where he clearly did not work 40 hours per week. He got $23,005 over the course of his employment. His testimony cannot be correct given the clear documentary evidence submitted. He never even alleges a claim he is actually making. Thus, as the Plaintiff's statements clearly are untrue given the evidence presented, there is no basis for a trial where the Plaintiff asserts clearly false information, and the information provided makes clear that the pay was adequate as a matter of law. While the burden is on the Defendant to demonstrate proper pay, the Plaintiff has not met its burden to contest it.

The only law cited by the Plaintiff for calculation of pay rate is <u>Walling v. Youngerman-Reynolds Hardwood Co.</u>, 325 U.S. 419, 424–25, 65 S. Ct. 1242, 1245, 89 L. Ed. 1705 (1945). This case has nothing to do with the issues here. There, plaintiffs were paid a rate of pay based on piecework and the court ordered that wages had to be rooted in hours worked, not piecework. Here, the pay was rooted in hours, but the employer denominated hours by "shifts" of a clear duration, so the term shifts referred to a number of hours without using the term hours. There is no law making this impermissible, where the number of hours are clear. Thus, the citation to the same Federal and State law I cited is not availing for the Plaintiff.

      Here, the Plaintiff's most contested argument is over the format of the pay stubs. I see nothing wrong with the paystubs, which are quite detailed. However, these claims for damages are quite limited in damages, even if the court finds a triable issue over these concerns. Under New York's Wage Theft Prevention Act, the maximum amount an individual worker can recover is $5,000.00. NYLL § 195. Moreover, the alleged violation is a State law claim. If only State law claims are in this case, it should be dismissed, and the case referred to the State court on that claim.

      The reply of the Plaintiff has no law which contests our view of the pay here. The Plaintiff was clearly paid regular pay and overtime at minimum wage for the shifts worked. The evidence is all consistent. It is the Plaintiff's bald testimony which is the outlier. The Plaintiff has also dropped any claim of collective action.

      My clients are Indian immigrants who run a very modest take out restaurant business. The burdens of running payroll and complying with all regulations are huge for such people. They have done it correctly. They should not have to pay for a trial under such circumstances. One has to sell a lot of food to make these unanticipated costs. Accordingly, summary judgment should be granted as stated above, and the remaining issues, if any, set for trial.

      Respectfully,

*Michael D. Siegel*

Michael D. Siegel