UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIPIN SEHGAL,<br><br>                              Plaintiff,<br><br>v.<br><br>KARENA FOODS INC., et al.,<br><br>                              Defendants. | 23 Civ. 8799 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Plaintiff Vipin Sehgal ("Plaintiff" or "Sehgal") brings this action against Defendant Karena Foods Inc. and Defendant Eda Foods Inc. (collectively, "Defendants"), each doing business as Mughlai Indian Cuisine, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the New York Labor Law ("NYLL"), N.Y. Lab. L. § 650 *et seq*.  From approximately November 2022 until August 2023, Sehgal alleges he was employed at Mughlai Indian Cuisine as a "food runner" who also packed deliveries, prepared food, and provided catering assistance.[1]  *See* Compl. ¶¶ 20-21, ECF No. 1.  Sehgal alleges that Defendants failed to pay him minimum wage, overtime, and spread of hours compensation in addition to withholding his tips and failing to provide him with required written notices and wage statements.  *See id.* ¶ 44-74.  Defendants now move for summary judgment on Sehgal's six FLSA and NYLL claims.  *See* Defs.' Letter Mot. For Partial Summ. J. ("Defs.' Mem.") at 1, ECF No. 35.  For the reasons that follow, Defendants' motion for summary judgment is **DENIED**.

---

[1] Defendants, on the other hand, assert that they employed Sehgal from October 2022 to June 4, 2023, as a "delivery person."  Tulsiani Aff. ¶¶ 1-2, ECF No. 35-1.

**LEGAL STANDARDS**

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam). Disputes over an issue of material fact are "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must advance more than a "scintilla of evidence" to defeat a motion for summary judgment. *Id.* at 252. Indeed, the nonmoving party must demonstrate more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In ruling on a motion for summary judgment, a court must view all evidence "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

**DISCUSSION**

**I.    Defendants' Failure to Comply with Local Civil Rules**

Before turning to the merits, the Court considers two procedural issues with Defendants' motion for summary judgement, including Defendants' failure to comply with Local Civil Rule 56.1 ("Local Rule 56.1") and Local Civil Rule 7.1 ("Local Rule 7.1").

---

[2] Unless otherwise specified, all references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

### A. Local Rule 56.1

Local Rule 56.1 requires a party moving for summary judgment to submit "a separate, short, and concise statement" setting forth the "material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.1(a). A party opposing a motion for summary judgment must then "submit a counter-statement controverting the moving party's statement of material facts, indicating which facts are in dispute that would require a trial." *United States v. Kadoch*, No. 96 Civ. 4720, 2012 WL 716899, at *2 (E.D.N.Y. Feb. 17, 2012), *report and recommendation adopted*, No. 96 Civ. 4720, 2012 WL 716894 (E.D.N.Y. Mar. 5, 2012); *see* Local Rule 56.1(b). "Both parties must cite to admissible evidence following each statement of fact for that statement itself to be admissible." *Sawyer v. Wight*, 196 F. Supp. 2d 220, 225 (E.D.N.Y. 2002); *see* Local Rule 56.1(d). And facts set forth in a moving party's statement "will be deemed to be admitted . . . unless . . . controverted" by the opposing party's counter-statement. Local Rule 56.1(c). Failure to submit a Rule 56.1 Statement "may constitute grounds for denial of the motion." Local Rule 56.1(a).

Here, Defendants failed to file the required Rule 56.1 Statement, making it impossible for Sehgal, as the opposing party, to submit the required counter-statement. This "failure alone would justify denial of [Defendants'] motion." *Kadoch*, 2012 WL 716899, at *2. However, district courts generally have broad discretion to overlook noncompliance with the local rules. *See Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 279 (2024) ("The district court generally has broad discretion to determine whether to overlook a party's failure to comply with local court rules."). Indeed, "[w]here parties fail to file Rule 56.1 statements of fact, the court may choose to accept all factual allegations of the opposing parties as true for purposes of deciding the motion for summary judgment, or may alternatively opt to conduct an assiduous review of the record." *Kadoch*, 2012 WL 716899, at *2 (citing *Holtz v.*

3

*Rockefeller & Co., Inc.,* 258 F.3d 62, 73 (2d Cir. 2001)).  Here, the Court ultimately decides to exercise its discretion and adjudicate Defendants' motion for summary judgment on the merits despite their noncompliance with Local Rule 56.1.

### B. Local Rule 7.1

Local Rule 7.1 requires all motions—except for letter motions permitted by Local Rule 7.1(e) or otherwise permitted by the Court—to include "[a] notice of motion . . . which must specify the applicable rules or statutes pursuant to which the motion is brought, and must specify the relief sought by the motion."  Local Rule 7.1(a)(1).  Local Rule 7.1 also requires all motions to include, *inter alia*, "[a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion."  Local Rule 7.1(a)(2).  "A moving party's failure to comply with Local Rule 7.1 is sufficient grounds to deny a motion."  *Anhui Konka Green Lighting Co., LTD. v. Green Logic LED Elec. Supply, Inc.*, No. 18 Civ. 12255, 2021 WL 621205, at *1 (S.D.N.Y. Feb. 17, 2021).

Here, Defendants failed to file a notice of motion and a memorandum of law.[3]  However, as previously noted, district courts have broad discretion to overlook noncompliance with the Local Rules.  *See Commerzbank AG*, 100 F.4th at 377.  Therefore, because "it would serve the interests of justice to resolve the motion . . . on the merits rather than on procedural deficiencies," the Court will exercise such discretion here and consider Defendants' motion on the merits.  *Anhui Konka Green Lighting Co., LTD.*, 2021 WL 621205, at *1 (citing *Assets Recovery 23, LLC v. Gasper*, No. 15 Civ. 5049, 2017 WL 3610568, at *4 (E.D.N.Y. July 25, 2017)), *report and recommendation adopted*, No. 15 Civ. 5049, 2017 WL 3610517 (E.D.N.Y. Aug. 21, 2017)).

---

[3] Defendants state that they "thought the court requested that the motion be made in letter format, including a formal statement of material facts."  Defs.' Letter Reply at 1, ECF No. 37. The Court never made such a request.  *See, e.g.*, August 20, 2024 Memo Endorsement, ECF No. 34.

### II. Minimum Wage, Overtime, and Spread of Hours Claims

NYLL mandates that employees must be paid at least the minimum hourly wage for each hour that they work. *See* N.Y. Lab. L. § 652. The FLSA and NYLL also require employers to compensate employees at an overtime rate of at least one and one-half times the regular rate for hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2; *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 (2d Cir. 2013) ("[T]he NYLL adopts th[e] same standard" for overtime wages as the FLSA). In addition, NYLL requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate" for days in which "the spread of hours exceeds 10 hours."[4] N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.4.

Here, Sehgal alleges Defendants failed to pay him the minimum wage, *see* Compl. ¶ 46, failed to properly compensate him for his overtime hours, *see id.* ¶¶ 49-59, and "fail[ed] to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish," *id.* ¶ 62. Defendants dispute each of these allegations. *See, e.g.*, Tulsiani Aff. ¶ 6, ECF No. 35-1 (claiming that Sehgal's pay actually "exceeded the minimum wage in effect for the period worked");[5] *id.* ¶ 5 ("On the rare occasion where he worked overtime, which meant an extra day, not extra time in a day, he was paid more."); *id.* ¶ 2 ("[T]here was never more than eight hours of work per day.").

The Court ultimately concludes, however, that Defendants have failed to satisfy their burden of establishing that there is no genuine issue of material fact here. *See Weg v. Macchiarola*,

---

[4] Spread of hours is defined as "the length of the interval between the beginning and end of an employee's workday.... includ[ing] working time plus time off for meals plus intervals off duty." N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.6.

[5] Mahender Tulsiani, the manager of Defendant Karena Foods Inc., submits an affidavit in support of Defendants' motion for summary judgment. *See* Tulsiani Aff. ¶ 1.

995 F.2d 15, 18 (2d Cir. 1993) ("If the movant satisfies the burden of establishing that there is no genuine issue of material fact, then the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists."). In fact, the record is rife with disputes over material facts that are relevant to Sehgal's NYLL minimum wage claim, FLSA and NYLL overtime claims, and NYLL spread of hours claim.

Notably, the parties do not agree, and the record is unclear, about how much Defendants paid Seghal and when. *See, e.g.*, Tulsiani Aff. ¶ 5 (disagreeing with Sehgal's statement that he was paid $450 for four days' work and $225 for two days' work). The parties also disagree as to the dates Sehgal worked for Defendants as well as how many hours per day and days per week he worked. *See e.g.*, Tulsiani Aff. ¶ 2 (stating Sehgal's employment started in October 2022 and ended on June 4, 2023); Sehgal Decl. ¶ 5, ECF No. 36-1 ("I was employed from November 2022 until August 2023."). Moreover, Sehgal offers a sworn statement that he "never got paid anything extra for overtime work" and that he did not "receive any additional pay for any shifts [he] worked that were longer than 10 hours." Sehgal Decl. ¶ 17. Defendants, on the other hand, submit their own statement attesting that Sehgal never worked more than eight hours per day, and "[o]n the rare occasion where [Sehgal] worked overtime, which meant an extra day, not extra time in a day, he was paid more." Tulsiani Aff. ¶¶ 2, 5. The record is also unclear as to when Sehgal's shifts started and ended.

"Thus, disputed issues of material fact exist . . . which prevent the Court from determining whether [Sehgal was] properly compensated." *Lin v. Table for Eight, Inc.*, No. 19 Civ. 1119, 2022 WL 74165, *4 (E.D.N.Y. Jan. 7, 2022) (denying summary judgment on plaintiffs' FLSA and NYLL minimum wage, overtime, and spread of hours claims where there were genuine disputes of material fact as to hours worked and amounts paid to plaintiffs); *see Xiong Chen v. Weiqi Zhang*, 988 F. Supp. 2d 320, 321-22 (E.D.N.Y. 2013) (denying summary judgment on plaintiff's FLSA

and NYLL overtime claims and NYLL spread of hours claim where the parties disputed material facts including, *inter alia*, plaintiff's dates of employment, days per week worked, and hours per day worked). Defendants' motion for summary judgment as to Sehgal's minimum wage claim, overtime claims, and spread of hours claim is therefore **DENIED**.

### III.   Tip Withholding Claim

The NYLL provides that "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y. Lab. L. § 196-d. Here, the Court finds Defendants are not entitled to summary judgment on Sehgal's claim that they violated NYLL by "withholding from him tips included on customer checks charged or paid by credit card." Compl. ¶ 67; *see* N.Y. Lab. L. § 196-d.

Sehgal states that while he "received some cash tips during [his] employment," he "did not receive all [his] tips when guest[s] paid by credit card, as most of those tips were wrongfully retained and withheld by defendants." Sehgal Decl. ¶ 19. Defendants counter that "tips were counted and included in [Sehgal's] pay," Defs.' Mem. at 3, which consisted of "$675 per week plus tips," Tulsiani Aff. ¶ 5. In support, Defendants submit as an exhibit a "chart of shifts" purporting to "identif[y] tips paid" to Sehgal during each week of his employment. Defs.' Letter Reply at 2, ECF No. 37; *see* Defs.' Mem., Ex. 2.

As an initial matter, Sehgal argues that the Court should not consider Defendants' "chart of shifts" because it is "unauthenticated hearsay." Pl.'s Mem. in Opp'n at 6, ECF No. 36; *see* Defs.' Mem., Ex. 2. Setting aside these evidentiary concerns, even if the Court did consider the chart, its contents raise as many questions as answers. For instance, the chart contains a column labeled "tips" and proceeds to list the dollar amount Sehgal purportedly earned in tips each week.

7

*See* Defs.' Mem., Ex. 2. Yet, the "tips" column does not specify whether the various tip amounts consist of cash tips, credit card tips, or both. *Id.* Given Sehgal claims that he received some cash tips but did not receive most credit card tips, Defendants' "chart of shifts" does not resolve the parties' dispute. *See* Sehgal Decl. ¶ 19. Instead, the chart demonstrates that genuine disputes of material fact remain regarding whether Defendants are liable for withholding Sehgal's tips. Summary judgment as to this claim is therefore **DENIED**.

### IV. Wage Theft Prevention Act Claim

Lastly, Sehgal alleges Defendants failed to provide him with wage notices (when he was hired or anytime thereafter) or weekly wage statements (at any time during his employment) as required by the Wage Theft Prevention Act ("WTPA").[6] *See* Compl. ¶¶ 71-72. Defendants, on the other hand, respond that because Sehgal was "provided the proper wage notices under the law," this Court should grant summary judgment as to his WTPA claim. Defs.' Mem. at 3. For the reasons discussed below, this Court declines to grant summary judgment for Defendants on Sehgal's WTPA claim.

#### A. Written Notice – NYLL § 195(1)

The WTPA requires that, at the time of hiring, employers provide their employees with a written notice containing the following information:

> (1) the rate or rates of pay and basis thereof; (2) allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; (3) the regular pay day designated by the employer; (4) the employer's name; (5) any "doing business as" names used by the employer; (6) the physical address of the employer's main office or principal place of business, and a mailing address if different; (7) the employer's telephone number; and (8) such other information as the commissioner deems material and necessary.

*Salinas v. Starjem Restaurant Corp.*, 123 F. Supp. 3d 442, 474 (S.D.N.Y. 2015); *see* N.Y. Lab. L.

---

[6] The WTPA, passed in 2011, amended the NYLL to, *inter alia*, require employers to provide written wage notices and wage statements to employees. *See* N.Y. Lab. L. §§ 195(1), (3). In this opinion, the Court uses WTPA and NYLL interchangeably.

8

§ 195(1)(a). Sehgal alleges that Defendants "fail[ed] to provide him with wage notices" as required by the WTPA. Compl. ¶ 71; *see also* Sehgal Decl. ¶ 20 ("I never received any written notices about my pay rate, rate of pay, or hours worked during my employment . . . not when I was hired or any other time – and I was never asked to sign any paper saying that I had received a notice like that."). Defendants' briefs, however, do not substantially address this portion of Sehgal's WTPA claim. As a result, the Court declines to consider it further here. Thus, to the extent Defendants' motion seeks summary judgment as to this portion of Sehgal's WTPA claim, summary judgment is **DENIED**.

### B.    Wage Statements – NYLL § 195(3)

The parties' principle dispute pertains to NYLL's wage statement requirement. The WTPA requires employers to "furnish each employee with a statement with every payment of wages, listing the following" information:

> (1) the dates of work covered by that payment of wages; (2) the employee's name; (3) the employer's name, address, and telephone number; (4) the rate or rates of pay and basis thereof; (5) gross wages; (6) deductions; (7) allowances, if any, claimed as part of the minimum wage; and (8) net wages.

*Salinas*, 123 F. Supp. 3d at 475; N.Y. Lab. L. § 195(3). Sehgal initially alleges that Defendants "fail[ed] to provide him with weekly wage statements required by the [WTPA] at any time during his employment," *see* Compl. ¶ 72, but later concedes that he received paystubs, which he produced in discovery, *see* Pl.'s Mem. in Opp'n at 10. Sehgal maintains, however, that the paystubs Defendants provided him did not comply with the WTPA because the paystubs did not include Sehgal's hours worked or rate of pay. *See* Pl.'s Mem. in Opp'n at 10-11. Defendants, who submit these paystubs as exhibits to their motion,[7] argue that, because they provided Sehgal

---

[7] Sehgal does not dispute that Exhibits 5, 6, and 7 are true and accurate copies of the paystubs he received from Defendants. *See* Pl.'s Mem. in Opp'n at 7, ECF No. 36 ("[T]he fact that these documents are true and accurate copies of the paystubs Plaintiff received from

with "proper wage notices" including "pay stubs and W-2 forms,"[8] summary judgment is warranted as to his WTPA claim. Defs.' Mem. at 3; *see* Defs.' Mem., Exs. 5, 6, 7.

Upon review, the paystubs do not appear to comply with the WTPA. *See* Defs.' Mem., Exs. 5, 6, 7. Despite Defendants' contention that there is "nothing wrong with the paystubs" because they are "quite detailed," none list Sehgal's rate of pay or hours worked. Defs.' Letter Reply at 3, ECF No. 37; *see* Defs.' Mem., Exs. 5, 6, 7; *see also Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp. 3d 405, 413 (E.D.N.Y. 2017) (granting plaintiffs' motion summary judgment on their WTPA claim where "it [was] undisputed that the wage statements furnished to Plaintiffs were inaccurate in that they did not reflect all of the hours worked by Plaintiffs"). Thus, genuine issues of material fact remain with respect to Sehgal's WTPA claim and summary judgment is accordingly **DENIED**.

## CONCLUSION

For the reasons discussed herein, Defendants' motion for summary judgment is **DENIED** in its entirety. The Clerk of Court is respectfully requested to terminate ECF No. 35.

SO ORDERED.

Dated: July 7, 2025

    New York, New York

                                          DALE E. HO
                                          United States District Judge

---

Defendants is not in dispute."); *see also* Tulsiani Aff. ¶ 4 ("As shown by the document production of Sehgal, his checks came with a proper pay stub").

[8] The WTPA does not directly require employers to provide employees with W-2 forms. Accordingly, whether Defendants provided Sehgal with W-2 forms (or not) is irrelevant here.